THE UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON TIMMONS (PRO SE)
    PLAINTIFF

VS.

(1) F. WALTERS
(2) D. HINE
(3) K. BRITTAIN
(4) WALTON
(5) RHONDA TOMCAVAGE
        (DEFENDANTS)
IN THERE INDIVIDUAL AND OFFICIAL CAPACITIES

AMENDED
VERIFIED COMPLAINT
AND APPLICATION FOR TEMPORARY
RESTRAINING ORDER EX PARTE

CIVIL ACTION No.
1:20-CV-2393

## VERIFIED COMPLAINT AND APPLICATION FOR EX PARTE T.R.O

PLAINTIFF TIMMONS BRINGS THIS ACTION AGAINST DEFENDANTS BECAUSE OF THE IMMEDIATE, IRREPARABLE LOSS AND DAMAGE THAT HAVE RESULTED ~~[redacted]~~ AND WILL RESULT FROM THE ABOVE NAMED DEFENDANTS ACTIONS AND INACTIONS CONCERNING THE TAMPERING, HOLDING, AND DISCARDING OF PLAINTIFFS INCOMING AND OUTGOING MAIL PARTICULARLY LEGAL MAIL TO THE COURTS. THIS IS A CONTINUAL CONSTITUTIONAL VIOLATION OF MANY AMENDMENTS AND IS CONSIDERD AN IMMINENT AND IMMEDIATE HARM FOR THIS REASON PLAINTIFF TIMMONS IS SEEKING A T.R.O WITH VERIFIED COMPLAINT UNDER THE FEDERAL RULES OF CIVIL PROCEDURE RULE 65(b)(1) AND IS ASKING FOR MAIL MONITORING AND AN ORDER FROM THE COURTS PROHIBITING DEFENDANTS FROM THERE ACTIONS

## JURISDICTION AND VENUE

THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C 1983 TO REDRESS DEPRIVATIONS UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES OF AMERICA PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C SECTION 2201 AND 2202 PLAINTIFF CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C SECTION 2283 AND 2284 ~~[redacted]~~ AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE

THE MIDDLE DISTRICT OF PENNSYLVANIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C SECTION 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED.

FILED
HARRISBURG, PA

MAR 08 2021

PER ___Ilsa___
   DEPUTY CLERK

(1)

## PLAINTIFF

Plaintiff, Brandon Timmons, is and was at all times mentioned herein a prisoner of the state of Pennsylvania in the custody of the PA Department of Corrections. He is currently confined in SCI-Frackville in Frackville PA.

<u>DEFENDANTS</u>

1) K. BRITTAIN
   SUPERINTENDENT AT SCI-FRACKVILLE
   1111 ALTAMONT BLVD
   FRACKVILLE PA 17931

2) F. WALTERS
   MAIL ROOM SUPERVISOR AT SCI-FRACKVILLE
   1111 ALTAMONT BLVD
   FRACKVILLE PA 17931

3) WALTON
   CORRECTIONAL OFFICER AT SCI-FRACKVILLE
   1111 ALTAMONT BLVD
   FRACKVILLE PA 17931

4) RHONDA TOMCAVAGE
   UNIT MANAGER AT SCI-FRACKVILLE
   1111 ALTAMONT BLVD
   FRACKVILLE PA 17931

5) D. HINE
   MAIL INSPECTOR AT SCI-FRACKVILLE
   1111 ALTAMONT BLVD
   FRACKVILLE PA 17931

1) This civil action is about the continual, holding, tampering, and discarding of Plaintiff Timmons, mail, including legal mail, publications, and checks. These actions are being done continually and deprivation of Plaintiffs constitutional rights by Defendants are being done in concert. Which makes this Civil Conspiracy. All has happend at SCI-Frackville. And is considerd an imminent harm.

2) Starting in the months of June and July 2020, Plaintiff Timmons sent mail and checks to two companies, Wall Periodicals, and Edward R. Hamilton Bookseller, Mailrooms ~~████████████████████~~ intentionally did not send this mail out for weeks after the business processed and deducted funds at SCI-Frackville.

3) In the month of early September 2020 2 publications that was mailed from the Secure Processing Center were seized and discarded by Defendant Walton who was an officer working on E-Block at SCI-Frackville. Publications were Books N Things Catalog, The Movement Magazine. Defendant Walton admitted to doing this to plaintiff by his own word of mouth because of Plaintiffs earlier actions of grievances and an incident involving staff. Plaintiff Timmons filed a grievance about publications going missing and appealed to final step. When Plaintiff Timmons found out that Defendant Walton was responsible he attempted to file a grievance. This process was thwarted and grievance was discarded and never turned in.

4) Late September 2020 another book was discarded that was mailed to Plaintiff.

5) In the early month of October 2020 Plaintiff Timmons wrote a request slip to the Mailroom and ~~████~~ Supervisor F. Walters giving her ~~████~~ notice about book and magazines not being given to him. And also asked that his mail be monitored which Defendant F. Walters failed to do. The same month of October 2020 Plaintiff Timmons filed a civil action about an imminent threat of harm because Plaintiff is in the same prison where his victims friends and relatives are employed. Days later a book by the name of The Art of Worldly Wisdom was intentionally misplaced and never given to Plaintiff Timmons. Defendant D. Hine signed book in then deliberately sent it back to the S.P.C Center.

6) On the 2nd of November 2020 Plaintiff Timmons recieved a reciept from a check that the Mailroom recieved 2 months before from Edward R. Hamilton Bookseller. This also was deliberately held. Meaning check and mail.

7) The same month of November 2020 Plaintiff sent an amended complaint to the U.S. District Court for Civil Action No. 1:20-CV-2035. This legal mail was opened and read by Defendant Tomcavage with the assistance of Defendant Hine, all named parties on civil action was notified by them. This was told to Plaintiff by Defendant Walton.

8) On the date of about 11-17-2020 Plaintiff Timmons sent 2 legal mail letters to his attorney and Power of Attorney, these never reached there destinations and Plaintiff Timmons also sent out a letter to his grandmother this did not reach its destination and Plaintiff believes was also discarded.

(4)

9) IN THE SAME MONTH OF DECEMBER 2020 PLAINTIFF TIMMONS RECIEVED A LETTER AND ENVELOPE BACK FROM THE MAILROOM THAT HE MAILED TO HIS AUNT. DEFENDANT D. HINE SENT A NOTE BACK WITH IT STATING THAT THE LETTER WAS TO HEAVY AND NEEDED A CASH SLIP. THIS LETTER ONLY CONSISTED OF ONE PIECE OF PAPER, AND WAS CLEARLY NOT TO HEAVY. PLAINTIFF BELIEVES THIS WAS RETALIATION FOR CIVIL ACTION FILED.

10) ON DECEMBER 2020 PLAINTIFF TIMMONS SENT A LETTER AND NOTE TO HIS LAWYER AND POWER OF ATTORNEY INCLUDED WAS A CARDBOARD EMPTY MILK CARTON, WHICH WHEN IT WAS ORIGINALLY GIVEN TO PLAINTIFF TIMMONS WITH HIS MEAL HAD WET GLUE AT THE BOTTOM OF CARTON. THIS ITEM WAS REMOVED FROM THE ENVELOPE BY STAFF AND WHEN HIS LAWYER AND POWER OF ATTORNEY RECIEVED THE ENVELOPE THERE WAS ONLY A NOTE AND ITEM WAS MISSING. PLAINTIFF FILED A GRIEVANCE ABOUT THIS AND THIS GRIEVANCE WAS DELIBERATELY NOT PROCESSED AND DISCARDED BY STAFF.

11) ON DECEMBER 7 2020 PLAINTIFF MAILED THIS CIVIL ACTION INTO THE COURTS TO BE PROCESSED AND FILED. BEFORE THIS CIVIL ACTION LEFT THE PRISON THE CONTENTS OF CIVIL ACTION WAS READ BY DEFENDANT D. HINE. AGAIN, PARTIES TO COMPLAINT WERE NOTIFIED AND ALLOWED TO READ IT. BY HER THIS WAS TOLD TO PLAINTIFF BY OFFICERS WHO QUOTED THINGS SAID IN COMPLAINT.

12) ON DECEMBER 10 2020 PLAINTIFF MAILED A CHECK WITH A LETTER TO PAY FOR THIS CIVIL ACTION, COURTS TOOK THIS PAYMENT AS A DUPLICATE PAYMENT AND SENT CHECK WITH A LETTER BACK. THIS LEGAL MAIL WAS DISCARDED AND RECORDS FABRICATED BY DEFENDANT D. HINE TO MAKE IT SEEM AS THOUGH THE CHECK ORIGINATED FROM THE U.S TREASURY.

13) ON DECEMBER 21, 2020 COURT MAILED CIVIL ACTION NUMBER WITH INFORMA PAUPERIS PAPERS TO PLAINTIFF TIMMONS, PLAINTIFF DID NOT RECIEVE THESE LEGAL PAPERS UNTIL 2 WEEKS AFTER THEY WERE MAILED TO THE PRISON. THIS WAS DELIBERATE HARRASMENT AND RETALIATION.

14) IN THE MONTH OF DECEMBER 2020 PLAINTIFF HAD MULTIPLE BOOKS AND MAGAZINES ARRIVE AT THE FACILITY FOR PLAINTIFF TIMMONS. THESE PUBLICATIONS NUMBERS U.S.P.S WERE SWITCHED ON MULTIPLE ITEMS FROM EARLIER BOOKS THAT CAME WITH NO STICKERS. SOME ITEMS WENT MISSING WHILE OTHERS WERE HELD. PARTICULARLY MAGAZINES AS IS ASSETS #6, AS IS ASSETS #10 AND SMOOTH GIRL #62 WHICH COULD NOT BE LOCATED AND WASNT GIVEN TO PLAINTIFF. PLAINTIFF NOTICED THAT RECORDS IN THE COMPUTER DATABASE WERE NOT MATCHING UP CORRECTLY AND SEEMED ALTERD TO PLAINTIFFS BELIEF, THEY WERE ALL DIFFERENT FROM EARLIER RECORDS PLAINTIFF RECIEVED. THIS WAS DELIBERATE RETALIATION AND HARRASMENT. MOST WERE EDITED BY DEFENDANT D. HINE.

15) Plaintiff Timmons recieved legal mail from the Courts on 1-28-21 37 days after it was sent to the prison for Plaintiff Timmons from the Courts this was also retaliation and had Defendant Hine handwriting on the envelope.

16) Plaintiff Timmons sent money for civil action on 1-26-21 because plaintiff did not send enough money check was sent back and plaintiff Timmons recieved it on 2-9-21 a officer walked the check directly over to inmate accounts of SCI-Frackville this money has not been put back on plaintiffs account purposely to deter any further civil action and retaliate. It is plaintiffs belief.

17) Plaintiff also attempted to pay for copies from court and mailed $15.00 to the Courts on 12-28-20 this legal mail and check was either never sent or never given back it is now 3-3-21 and has still not recieved anything from courts or ▇▇▇▇ check he believes this was interfared with also and discarded.

18) Defendants F. Walter is the mailrooms supervisor and has been notified on multiple occasions that there is retaliation and major problems with his mail and of the actions of Defendant Hine and she has taken no action to stop Defendant Hine. or monitor plaintiffs mail

19) Defendant K. Brittain is the ▇▇ Superintendent of SCI-Frackville and has been notified on multiple occasions and plaintiff has asked that all his mail be properly monitored. She has refused and been deliberately indifferent and failed to properly train and supervise her underlings. And has not stopped there actions of tampering, discarding and holding of mail in retaliation of civil actions and grievances

20) Plaintiff Timmons has been told by multiple officers that ▇▇ the actions of interfaring with his mail is being done for Defendant Tomcavage who is friends with ▇▇ witness and was friends with his victim ▇▇ she holds the rank of unit manager, which is equivalent to the rank of a captain in the prison, and these things are being done as retaliation for grievances and civil actions.

(6)

## COUNT 1

21) ### First Amendment Violation - Retaliation

Plaintiff Reallege and incorporate by reference paragraphs 1-20

Defendants, Rhonda Tomcavage, D. Hine, F. Walters, ▓▓▓▓, K. Brittain, ▓▓ Walton Actions in Retaliating Against Plaintiff Timmons By Tampering, Holding, And Discarding of His Incoming And Outgoing Mail Including Legal Mail And Incoming Publications For Filing, And Attempting To File Civil Actions And Grievances, Violated Plaintiffs Rights Under The First Amendment of The United States Constitution, Access To The Courts

## COUNT 2

22) ### First Amendment Violation - Denial of Freedom of Speech And Freedom of Association.

Plaintiff Reallege and incorporate by reference paragraphs 1-20

Defendants, Rhonda Tomcavage, D. Hine, F. Walters, ▓▓▓▓, K. Brittain, ▓▓ Walton, Actions in Holding, Tampering, And Discarding Plaintiffs Incoming and Outgoing Mail Including Legal Mail and Incoming Publications Maliciously, Violated Plaintiff Timmons Rights Under The First Amendment of The United States Constitution, Freedom of Speech And Freedom of Association

## COUNT 3

23) ### Fourth Amendment Violation - Unreasonable Search And Seizure

Plaintiff Reallege and incorporate by reference paragraphs 1-20

Defendants, Rhonda Tomcavage, D. Hine, F. Walters, ▓▓▓▓, K. Brittain, ▓▓ Walton, Actions in Removing Papers And Items From Mail And Legal Mail, Including Holding, Tampering, And Discarding of Mail And Publications Violated Plaintiff Timmons Rights of The Fourth Amendment of The United States Constitution To Be Free From Illegal Search And Seizure.

## COUNT 4

24) ### Fifth Amendment Violation - Denial of Due Process

Plaintiff Reallege and incorporate by reference paragraphs 1-20

Defendants, Rhonda Tomcavage, D. Hine, F. Walters, ▓▓▓▓, K. Brittain ▓▓ Walton, Actions in Holding, Tampering, And Discarding of Incoming And Outgoing Mail Without Notice Violated Plaintiff Timmons Fifth Amendment Rights To Due Process Under The United States Constitution.

## COUNT 5

### FIRST AMENDMENT VIOLATION - CAMPAIGN HARRASMENT

25) PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS 1-20

DEFENDANTS

By TAMPERING, HOLDING, AND DISCARDING OF HIS INCOMING AND OUTGOING MAIL INCLUDING LEGAL MAIL AND INCOMING PUBLICATIONS FOR FILING AND ATTEMPTING TO FILE CIVIL ACTIONS AND GRIEVANCES. VIOLATED PLAINTIFFS RIGHTS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

## COUNT 6

### EIGHTH AMENDMENT VIOLATION - DELIBERATE INDIFFERENCE

26) PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS 1-20

DEFENDANTS, K. BRITTAIN, F. WALTERS, ACTIONS IN FAILING TO PROPERLY TRAIN AND SUPERVISE ▓▓▓▓▓ AND REFUSAL TO MONITOR PLAINTIFFS MAIL BECAUSE OF TAMPERING, HOLDING, AND DISCARDING OF HIS INCOMING AND OUTGOING MAIL INCLUDING LEGAL MAIL AND INCOMING PUBLICATIONS VIOLATED PLAINTIFF TIMMONS RIGHTS UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION. TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND WAS DELIBERATE INDIFFERENCE.

## COUNT 7

### CIVIL CONSPIRACY

27) PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS 1-20

DEFENDANTS, ▓ WALTON, D. HINE, RHONDA TOMCAVAGE, F. WALTERS ACTIONS OF DEPRIVING PLAINTIFF TIMMONS VARIOUS FIRST AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION ▓▓▓ IN CONCERT REGARDING HIS MAIL INCOMING AND OUTGOING WAS CIVIL CONSPIRACY

## COUNT 8

### SUPERVISORY LIABILITY

28) PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS 1-20

DEFENDANTS, K. BRITTAIN, F. WALTERS, ACTIONS ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ WAS SUPERVISORY LIABILITY

## COUNT 9

### FOURTEENTH AMENDMENT VIOLATION - ▓▓▓▓ DENIAL OF DUE PROCESS

PLAINTIFF REALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS 1-20

ALL DEFENDANTS ACTIONS IN DISCARDING, TAMPERING, AND HOLDING PLAINTIFFS MAIL VIOLATED HIS FOURTEENTH AMENDMENT RIGHTS OF THE U.S CONSTITUTION OF DUE PROCESS.

## RELIEF SOUGHT

WHEREFORE, PLAINTIFF REQUESTS THAT THIS COURT

A. AWARD COMPENSATORY DAMAGES TO PLAINTIFF AGAINST THE DEFENDANTS IN $200,000

B. AWARD PUNITIVE DAMAGES TO PLAINTIFF AGAINST THE DEFENDANTS. IN $200,000

C. AWARD DECLARATORY RELIEF THAT PLAINTIFFS CONSTITUTIONAL RIGHTS WERE VIOLATED.

D. ISSUE AN ORDER PROHIBITING DEFENDANTS FROM RETALIATING AGAINST PLAINTIFF IN CONNECTION WITH FILING ACTION.

E. AWARD THE COSTS OF THIS ACTION TO PLAINTIFF

F. AWARD SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM APPROPRIATE

G. GRANT PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING EX PARTE.

DATED: 3-2-21
RESPECTFULLY SUBMITTED

BRANDON TIMMONS #LJ-7135
SCI-FRACKVILLE
1111 ALTAMONT BLVD
FRACKVILLE PA 17931

VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED AT FRACKVILLE, PENNSYLVANIA

_Brandon T._
BRANDON TIMMONS

3-2-21

Dear Clerk of Court included are the following to be filed.

(1) Verified Amended Complaint and Application for Temporary Restraining Order Ex Parte.

(2) Motion For Preliminary Injunction and T.R.O

(3) Brief

(4) Order To Show Cause

(5) Motion For Leave To File A Amended Complaint

Civil Action No. 1:20-CV-2393

Brandon Timmons #LJ-7735
1111 Altamont Blvd
Frackville Pa 17931

Also there is a error that needs to be fixed concerning Defendant D. Hine names it seems to not be spelled correctly on the docket could you please fix this.