IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON TIMMONS,** | : | No. 1:20-CV-2393 |
| Plaintiff | : | |
| | : | **Judge Kane** |
| v. | : | |
| | : | |
| **F. WALTERS, D. HONES, C.O. 1** | : | **Electronically Filed Document** |
| **WALTON, RHONDA TOMCAVAGE** | : | *Complaint Filed 12/21/20* |
| *and* **K. BRITTAIN,** | : | |
| Defendants | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants F. Walters, D. Hines, C.O. 1 Walton, R. (Tomcavage) Adamcik, and K. Brttain, through counsel, hereby file this Answer and Affirmative Defenses to the Complaint. In order to fully respond to the Complaint, Defendants respond to each section as follows:

### VERIFIED COMPLAINT AND APPLICATION FOR EX PARTE T.R.O.[1]

This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

### JURISDICTION AND VENUE

This paragraph contains conclusions of law and requests for relief to which no response is required; to the extent a response is required, DENIED.

---

[1] Defendants are adopting the headings utilized by Plaintiff purely for organization and convenience of the reader. In using these headings, Defendants are not making any admission regarding their content and expressly deny any factual averments contained therein

This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

## **PLAINTIFF**

ADMITTED.

## **DEFENDANTS**

1) ADMITTED in part; DENIED in part.  It is ADMITTED only that Defendant Brittain is employed by the Pennsylvania Department of Corrections.  Any other factual averments made are DENIED.

2) ADMITTED in part; DENIED in part.  It is ADMITTED only that Defendant F. Walters is employed by the Pennsylvania Department of Corrections.  Any other factual averments made are DENIED.

3) ADMITTED in part; DENIED in part.  It is ADMITTED only that Defendant Walton is employed by the Pennsylvania Department of Corrections.  Any other factual averments made are DENIED.

4) ADMITTED in part; DENIED in part.  It is ADMITTED only that Defendant R. Tomcavage (Adamcik) is employed by the Pennsylvania Department of Corrections.  Any other factual averments made are DENIED.

5) ADMITTED in part; DENIED in part. It is ADMITTED only that Defendant D. Hine is employed by the Pennsylvania Department of Corrections. Any other factual averments made are DENIED.

## FACTS

1) This paragraph contains conclusions of law to which no response is required; to the extent a response is required, DENIED. Any factual averments made are DENIED.

2) DENIED.

3) DENIED.

4) DENIED.

5) DENIED.

6) DENIED.

7) DENIED.

8) DENIED. By way of further response, Defendants are without information or knowledge to verify the veracity of the statement that mail items never reached the sender's intended destination; as such, any factual averments made are DENIED.

9) DENIED. By way of further response, Defendants are without information or knowledge to verify the veracity of what Plaintiff believes; therefore, any factual averment made is DENIED.

10) DENIED.

11) DENIED.

12) DENIED.

13) DENIED.  Further, this paragraph also contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

14) DENEID.  Further, this paragraph also contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

15) DENIED.  Further, this paragraph also contains conclusions of law to which no response is required; to the extent a response is required, DENIED.

16) DENIED.  By way of further response, Defendants are without information or knowledge to verify the veracity of what Plaintiff believes; therefore, any factual averment made is DENIED.

17) DENIED.

18) DENIED.

19) ADMITTED in part, DENIED in part.  It is ADMITTED only that Defendant Brittain is the Superintendent at State Correctional Institution Frackville.  Any other factual averments made are DENIED.

20) DENIED. By way of further response, Defendants are without information or knowledge to verify the veracity of what other third-parties allegedly may have told Plaintiff; therefore, any factual averment made is DENIED.

## CLAIMS

21) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

22) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

23) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

24) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

25) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

26) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

27) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

28) All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

## COUNT 9

All prior DENIALS are incorporated herein. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, DENIED.

## RELIEF SOUGHT

A. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

B. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

C. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

D. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

E. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

F. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

G. This paragraph contains a request for relief to which no response is required; to the extent a response is required, DENIED.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, Defendants assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred based on lack of personal involvement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust available administrative remedies regarding one or more of his claims required by the Prisoner Litigation Reform Act of 1995.

## FIFTH AFFIRMATIVE DEFENSE

At no time have Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges, or immunities secured by him to the Constitution or laws of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Defendants had legitimate penological reasons for all decisions made and actions taken.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the damages he seeks.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have not acted with deliberate, intentional, or reckless indifference toward Plaintiff or his conditions of confinement.

Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

        **Respectfully submitted,**

        **JOSH SHAPIRO**
        **Attorney General**

**By:**  *s/ Mary Katherine Yarish*

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**

**MARY KATHERINE YARISH**
**Deputy Attorney General**
**Attorney ID #328843**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**myarish@attorneygeneral.gov**

**Date:   July 19, 2021**

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON TIMMONS,** | : | No. 1:20-CV-2393 |
| Plaintiff | : | |
| | : | Judge Kane |
| v. | : | |
| | : | |
| **F. WALTERS, D. HONES, C.O. 1** | : | **Electronically Filed Document** |
| **WALTON, RHONDA TOMCAVAGE** | : | *Complaint Filed 12/21/20* |
| and **K. BRITTAIN,** | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 19, 2021, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer and Affirmative Defenses to the following:

**VIA U.S. MAIL**
Smart Communications/PADOC[2]
Brandon Timmons, LJ-7735
SCI Frackville
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                          *s/ Mary Katherine Yarish*
                          **MARY KATHERINE YARISH**
                          Deputy Attorney General

---

[2] Pursuant to a change to the Department of Corrections' mail procedures, all mail, except mail from an inmate's attorney or from a court, must be processed through the vendor listed.