**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON TIMMONS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-2393** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **F. WALTERS, et al.,** | : | |
| **Defendants** | : | |

<u>**MEMORANDUM**</u>

On December 21, 2020, <u>pro se</u> Plaintiff Brandon Timmons ("Timmons") initiated this case through the filing of a civil rights complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by various defendants connected to the State Correctional Institution-Frackville ("SCI-Frackville").  (Doc. No. 1.)  Timmons amended his complaint on May 19, 2021 (Doc. No. 28), and Defendants answered the amended complaint on July 19, 2021 (Doc. No. 36).  Presently before the Court are eight motions filed by Timmons: two motions for leave to amend (Doc. Nos. 50, 60), two motions for issuance of subpoenas (Doc. Nos. 54, 57), two motions for extension of the discovery deadline (Doc. Nos. 56, 62), one motion to compel discovery (Doc. No. 59), and one motion for appointment of counsel (Doc. No. 64).  The Court addresses the pending motions below.

**I.        Motions for Leave to Amend**

The Court will first address Timmons's two motions for leave to amend.  At the outset, because Timmons has filed two motions for leave to amend that are currently pending, the Court will deny the first motion for leave to amend (Doc. No. 50) as moot.  With regard to the second motion for leave to amend (Doc. No. 60), Timmons filed a brief in support of the motion on March 10, 2022.  (Doc. No. 61.) Defendants have not opposed the motion, and the deadline for doing so has expired under the Local Rules.  <u>See</u> M.D. Pa. L.R. 7.6.  Under Local Rule 7.6, a

party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion."  See id.  Accordingly, Timmons's motion for leave to amend is deemed unopposed under Local Rule 7.6 and will be granted on that basis.  The Court will additionally direct service of process with respect to Defendants Styka and Kephart, both of whom are newly named in Timmons's proposed amended complaint.

## II.   Motions for the Issuance of Subpoenas

Rule 45 of the Federal Rules of Civil Procedure sets forth the requirements for discovery directed to non-parties through the use of a subpoena.  Under Rule 45, production of documents from a non-party for discovery purposes can be compelled only through the use of a subpoena duces tecum issued under Rule 45(d)(1).  See Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. 1991) (quoting United States v. Allen, 578 F. Supp. 468, 472 (W.D. Wisc. 1982)).  A Court's broad discretion in discovery also extends to decisions regarding whether to issue subpoenas to pro se litigants.  See Gay v. Petsock, 917 F.2d 768, 773 (3d Cir. 1990).

In evaluating a request for a third-party subpoena, the Court "must evaluate whether it is limited to information that 'is relevant to any party's claim or defense and proportional to the needs of the case as provided in Federal Rule of Civil Procedure 26(b)(1), or whether the issuing party is embarking on a fishing expedition.'"  See NRA Grp., LLC v. Durenleau, 340 F.R.D. 94, 98 (M.D. Pa. 2021) (internal quotation marks and alterations omitted).  The party seeking the issuance of the subpoena "bears the burden of establishing that the materials sought are within the scope of permissible discovery."  See id.

In this case, Timmons has filed two motions for issuance of subpoenas.  (Doc. Nos. 54, 57.)  In the first motion, he seeks to have a subpoena issued to the Postal Inspector of the United States for all information and documents relating to his mail and all tracking information for his

mail for the years 2020 and 2021.  (Doc. No. 54.)  In the second motion, he seeks copies of "all receipts for purchases of record" from Amazon.com for the years 2020 and 2021.  (Doc. No. 57.) Given the broad scope of these document requests, the Court finds that Timmons's requested subpoenas are not proportional to the needs of this case.  Accordingly, the Court will deny the motions for issuance of subpoenas.

III.    **Motion to Compel Discovery**

The motion to compel discovery filed by Timmons seeks to compel a response to a December 26, 2021 request for production of documents and a January 2, 2022 interrogatory that he sent to Defendants.  (Doc. No. 59.)  Timmons filed a brief in support of the motion on March 2, 2022, but does not state why the requested discovery is relevant to his claims.  (Doc. No. 59-1.)  Because the party seeking to compel discovery has the initial burden to establish that the requested discovery materials are relevant to the case, see Fassett v. Sears Holding Corp., 319 F.R.D. 143, 149 (M.D. Pa. 2017); McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 193 (M.D. Pa. 2011), the Court will deny the motion to compel discovery based on Timmons's failure to show why the requested discovery is relevant.

IV.    **Motion for Appointment of Counsel**

In his motion for appointment of counsel, Timmons asks the Court to appoint counsel because of this case's "complexity," because the case is nearly in the "trial stage" of litigation, and because he has limited access to the prison law library given that he is housed in the prison's restricted housing unit.  (Doc. No. 64.)

Although plaintiffs have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).  See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir.

2002).  In <u>Tabron v. Grace</u>, the Third Circuit developed a non-exhaustive list of factors to aid

district courts in determining whether to appoint counsel for such litigants.  See <u>Tabron v. Grace</u>,

6 F.3d 147, 155-57 (3d Cir. 1993).  Such factors include: the plaintiff's ability to present his

case; the complexity of the legal and discovery issues in the case; the amount of factual

investigation that will be required; the necessity of expert witnesses; and whether "witness

credibility is a key issue."  <u>See</u> <u>id.</u>  Additionally, "[a]s a threshold matter, a district court must

assess whether the claimant's case has some arguable merit in fact and law."  See <u>Montgomery</u>,

294 F.3d at 498-99 (citing <u>Tabron</u>, 6 F.3d at 155).  Finally, "[t]he plaintiff's ability to present a

case is '[p]erhaps the most significant' consideration and depends on factors such as 'the

plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along

with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner

plaintiff by confinement.'"  <u>See</u> <u>Nuñez v. Wetz</u>, No. 14-cv-00727, 2017 WL 4698092, at *1

(M.D. Pa. Oct. 19, 2017) (quoting <u>Montgomery</u>, 294 F.3d at 501).

      The Court concludes that the <u>Tabron</u> factors do not warrant appointing counsel at this

time.  Timmons has the apparent ability to read, write, and understand English, as well as the

ability to litigate this action <u>pro se</u>, as demonstrated by his filing of a complaint and numerous

motions and briefs.  Accordingly, there is no indication that Timmons "presently suffers from

any impediment unusual to other <u>pro se</u> litigants that appear before this Court."  <u>See</u> <u>Segura v.</u>

<u>Wetzel</u>, No. 17-cv-00931, 2017 WL 3495184, at *2 (M.D. Pa. Aug. 14, 2017).  Additionally, this

Court's duty to construe <u>pro se</u> pleadings liberally, <u>see</u> <u>Riley v. Jeffes</u>, 77 F.2d 143, 147-48 (3d

Cir. 1985), coupled with Timmons's apparent ability to litigate this action, militates against the

appointment of counsel at this time.  The Court notes further that "it does not have a large group

of attorneys who would represent this action in a <u>pro bono</u> capacity."  <u>See</u> <u>Wilson v. Horowitz</u>,

No. 3:18-cv-02237, 2019 WL 6716122, at *1 (M.D. Pa. Dec. 9, 2019).  In the event that future proceedings demonstrate the need for counsel, however, the Court may reconsider this matter either <u>sua</u> <u>sponte</u> or upon a motion properly filed by Timmons.

**V.      Motions for Extension of Discovery Deadline**

Finally, Timmons seeks to extend the deadline for fact discovery to allow him more time to propound discovery requests to Defendants.  (Doc. Nos. 56, 62.)  Given that the Court has granted Timmons's motion for leave to amend and that Defendants Styka and Kephart have been added to this case, however, the Court will deny these motions to extend the deadline as moot and stay discovery and the dispositive motions deadline pending the filing of responsive pleadings by Defendants Styka and Kephart.  A revised case management order shall be issued at the close of pleadings.

**VI.     Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's first motion for leave to amend as moot, grant his second motion for leave to amend, deny his motions for issuance of subpoenas, motion to compel discovery, and motion for appointment of counsel, deny his motions for extension of the discovery deadline as moot, and stay the discovery and dispositive motions deadlines pending the filing of responsive pleadings by Defendants Styka and Kephart. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
